IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRANT HEILMAN PHOTOGRAPHY, INC.

    Plaintiff,

    v.

PEARSON EDUCATION, INC. and JOHN
DOE PRINTERS 1-10,

    Defendants.

CIVIL ACTION
NO. 11-4649

**MEMORANDUM**

**SCHMEHL, J.** /s/ JLS                                                             **MAY 29, 2018**

      Defendant Pearson Education, Inc. ("Pearson") moves to enforce the Protective Order and impose sanctions against Plaintiff Grant Heilman Photograhpy, Inc.'s ("GHP") counsel Harmon, Seidman, Bruss & Kerr LLC ("HSBK"). Pearson alleges HSBK violated this Court's Protective Order. Pearson argues HSBK violated the Protective Order when HSBK, representing plaintiffs in the District of New Jersey, used confidential information that Pearson produced in the above-captioned case.[1] Pearson moves this Court to enforce the Protective Order and impose sanctions on HSBK and GHP. HSBK objects and argues the "use" of Pearson's information amounts to a technical or inadvertent violation of the Protective Order and does not warrant Pearson's extraordinary relief. (ECF Docket No. 117, at 1-2.) For the reasons that follow, Pearson's Motion to Enforce Protective Order and Impose Sanctions will be granted.

**I.**     **BACKGROUND**

      During this case, GHP – represented by HSBK – filed numerous documents containing Pearson's Confidential Information in support of GHP's Motion for Partial Summary Judgment;

---

[1] HSBK also represents plaintiffs in *Yamashita v. Pearson Eucation Inc.*, Case No. 16-3918 (D.N.J. 2017).

specifically, exhibits attached to Alex Kerr's Declaration.[2] Pearson moved to seal certain documents, including the exhibits attached in Alex Kerr's Declaration used in GHP's Partial Summary Judgment. (ECF Docket No. 72.) This Court granted Pearson's request and sealed the documents. On July 20, 2012, this Court entered a Protective Order under Federal Rule of Civil Procedure 26(c)(1)(G), which requires "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Pearson argues HSBK's use of the confidential information in *Yamashita* violates Paragraph 2 of the Protective Order:

> [D]ocuments containing any party's non-public financial data; sales and marketing projections and/or forecasts; print quantities and dates, including the "print quantity report," and non-public internal process, procedure and systems shall be marked 'CONFIDENTIAL,' *shall be used solely for the purpose of this litigation, and shall not be disclosed to any person* except for the following individuals: (1) Attorneys actively working on this case and persons employed by or Case 5:11-cv-04649-JLS Document 40 Filed 07/19/12 Page 1 of 3 2 associated with them; (2) Witnesses and deponents of the disclosing party; (3) Judges, Magistrate Judges, law clerks and other personnel of this Court; (4) Court reporters recording or transcribing testimony; (5) Independent experts and persons employed by or associated with them who have been shown a copy of this Order and agree to be bound by it; (6) Parties in this action, including their employees or agents; and (7) Other persons agreed to in writing by and between counsel of record.

(ECF Docket No. 40, 1-2) (emphasis added).

Currently, counsel for Pearson and counsel for GHP are involved in similar litigation in the District of New Jersey, *Yamashita v. Pearson Education, Inc.* In October 2017, counsel for *Yamashita* – HSBK – allegedly "used" the confidential information that Pearson produced in this case. (ECF Docket No. 114, 1-2.) The plaintiffs in *Yamashita* served supplemental Rule 26(a)(1) disclosures under Federal Rule of Civil Procedure 26(e), where plaintiffs, according to

---

[2] Alex Kerr is an attorney at HSBK. During litigation, HSBK moved for partial summary judgment seeking a judgment of liability against Pearson. Alex Kerr, on behalf of HSBK and GHP, submitted a declaration acknowledging his personal knowledge of the matters if called upon to testify. The attachments to Kerr's Declaration form the basis of Pearson's motion to enforce the protective order.

Pearson: "(1) identified Pearson's Confidential Information that Plaintiff had filed under seal in this action as information that *Yamashita* Plaintiffs had in their possession, custody, or control that they were using to support their claims in the *Yamashita* action; and (2) the *Yamashita* Plaintiffs purported to analyze Pearson's Confidential Information produced in this action in asserting that it supported certain of the *Yamashita* Plaintiff's claims." (Id. at 2.)

Pearson objects to HSBK's disclosure of Pearson's Confidential Information in the *Yamashita* litigation given the documents were expressly subject to this Court's Protective Order. According to Pearson, "[HSBK] affirmatively represented that these four documents filed under seal were in their possession, custody, or control and that they intended to use them to support their claims in the *Yamashita* action." (ECF Docket No. 114, at 10.) Pearson moves to impose sanctions and asks this Court to: 1) order HSBK to identify all uses of Pearson's Confidential Information since the termination of this action; 2) require HSBK to retrieve and destroy any copies of Pearson's Confidential Information it has disseminated in violation of the Protective Order; 3) bar HSBK from making any further use of Confidential Information Person introduced in this action; 4) order HSBK and Plaintiff to destroy all Confidential Information Pearson produced in this action; and (5) award Pearson attorneys' fees and costs it incurred in connection with this Motion. (ECF Docket No. 114, at 2-3.)

According to HSBK, it only identified and internally "used" the confidential information produced by Pearson in *Yamashita*, "but never intended to publicly reveal that information without (1) obtaining the information separately in discovery in *Yamashita* or (2) modifying the Protective Order to permit their use." (ECF Docket No. 117, at 2.) Specifically, HSBK alleges it never disclosed information to the *Yamashita* plaintiffs themselves and never used the information in any public or sealed filing. (Id.) HSBK argues this dispute could have been

3

avoided if Pearson "had not asserted unreasonable objections and refused to produce information in *Yamashita*" and "agreed that the information in this case could be used in *Yamashita* subject to the protective order." (Id. at 3.) HSBK alleges the court in *Yamashita* directed Pearson to provide information concerning its use of *Yamashita's* photographs. (Id. at 5.) Pearson allegedly refused and HSBK, "to ensure that as many as possible of Yamashita's meritorious copyright claims would be resolved on the merits," disclosed the four confidential documents at the center of this dispute. (Id.) HSBK justifies its use of the four confidential documents claiming they are relevant to establish Pearson's pattern of infringement and identified "documents that might be used in the *Yamashita* litigation, pursuant to Fed. R. Civ. Pro. 26." (Id. at 6.) HSBK argues the use or disclosure of Pearson's confidential documents is nothing more than a technical violation and should not be subject to extraordinary relief. (Id. at 13.)

## II. ANALYSIS

Under Federal Rule of Civil Procedure 37(b)(2)(A)(vii), the court may find a party in civil contempt and impose sanctions if the party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2) ("treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."); *see also DiGregorio v. First Rediscount Corp.*, 506 F.2d 781 (3d Cir. 1974) ("Rule 37(b)(2) . . . authorizes the imposition of sanctions, including dismissal of an action, against a party who fails to comply with a discovery order.").

In order to prove contempt, the moving party must show: "(1) a valid order of the court existed; (2) the opposing party had knowledge of the order; and (3) the opposing party disobeyed the order." *York Group, Inc. v. Pontone*, 2014 WL 3811014, at *5 (W.D. Pa. 2014) (citing *John T. ex. rel. Paul T. v. Del. Cnty.*, 318 F.3d 545, 552 (3d Cir. 2003)). But, the moving party is not required to show the violating party willfully violated the court order in order to establish civil

contempt and "good faith is not a defense to civil contempt." *Id.* (citing *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994)).

While civil contempt sanctions are not punitive in nature, attorneys' fees may be awarded against a party held in contempt. *Id.* at 6 (citing *John T.*, 318 F.3d at 554; *Robin Woods*, 28 F.3d 396 at 400). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1380 (9th Cir. 1986). But, if the violating party has taken all reasonable steps to comply with the court's order, a technical or inadvertent violation will not support finding the party in civil contempt. *Id.* at 1376.

GHP and HSBK were aware of the Protective Order and its application to Pearson's Confidential Information. Pearson argues GHP and HSBK were aware of this Court's Protective Order for the following reasons:

> (i) Plaintiff, through its counsel HSBK, opposed the entry of the protective order (Doc. No. 19); (ii) Plaintiff . . . filed a motion for reconsideration regarding the Court's granting of that protective order (Doc No. 25); (iii) Plaintiff . . . signed a stipulated modified protective order that was entered by the Court (Doc. Nos. 40 & 46); (iv) Plaintiff . . . provisionally lodged Pearson's Confidential Information under seal (Doc. No. 58) as required by the protective order; (v) Plaintiff . . . opposed Pearson's Motion to Seal those documents (see Doc. Nos. 71 and 91); and (vi) Plaintiff . . . was aware that the Court granted Pearson's Motion to Seal (see Doc. Nos. 96 and 97).

(ECF Docket No. 114, at 9.) This Court finds that all parties were aware of this Court's Protective Order over Pearson's Confidential Information.

1. <u>HSBK violated this Court's Protective Order</u>

Paragraph 2 of this Court's July 20, 2012 Protective Order prohibits the use of Pearson's Confidential Information for purposes outside this litigation. "The Protective Order expressly

5

requires the parties to hold Confidential Information in confidence and not divulge it to anyone unless authorized by Court order." (ECF Docket No. 114, at 3.) As addressed above, HSBK "expressly identified" four confidential documents (Exhibits to the Kerr Declaration) produced by Pearson and placed under seal. (Id. at 5.)

Although HSBK argues it did not disclose the substance of the information to the *Yamashita* plaintiffs and did not use any information in any public and sealed filing, this Court finds that HSBK's conduct in *Yamashita* goes beyond "harmless, technical, non-sanctionable." By including these documents in its Rule 26(a) disclosures, HSBK represented that the documents were "in its possession, custody, or control," and that the documents "might be used in the *Yamashita* litigation." (ECF Docket No. 117, at 6.) Not only did HSBK allude to the existence of these documents, HSBK explicitly stated the documents "might be used" in the *Yamashita* litigation and thus undercutting its own argument. (Id.) While HSBK's identification of the Reports and summary documents of Pearson's confidential information appears to be harmless, "the Protective Order did not permit HSBK to disclose Pearons's Confidential Information to the *Yamashita* Plaintiffs, as the *Yamashita* Plaintiffs were not included in any of the seven categories of individuals for whom disclosure was authorized." (ECF Docket No. 114, at 10) (citing Ex. A, ¶ 2).

HSBK also violated Paragraph 2 of the Protective Order when it expressly stated that the Confidential Information may be used in the *Yamashita* litigation because the Protective Order plainly states the Confidential Information "shall be used solely for the purpose of this litigation." (Id. at 11.) As Pearson argues, "by including the four documents filed under seal that contained Pearson's Confidential Information in the *Yamashita* Plaintiffs' supplemental disclosure and relying on and analyzing that information in the chart contained in those

disclosures, HSBK unequivocally caused Pearson's Confidential Information to be used in the *Yamashita* Action." (Id.) Given HSBK's knowledge of the existence of the Protective Order, HSBK was not authorized to use Pearson's Confidential Information outside this litigation.

Here, this Court agrees with the District of Alaska, discussed further below, in that HSBK should have first sought relief from the *Yamashita* court before utilizing Pearson's confidential information and violating the Protective Order. *Bean et al. v. Pearson Education, Inc.*, No. 3:11-cv-08030-GMS (D. Ariz.). The District of Alaska concluded "HSBK and the *Yamashita* plaintiffs should have sought relief from the *Yamashita* court, rather than respond by utilizing Confidential Information from the present matter." (ECF Docket No. 123, at 7.) HSBK's failure to seek relief and use of confidential information violated the Protective Order.

2. Other District Courts enforced similar Protective Orders against HSBK.

Two other District Courts – Arizona and Alaska – enforced similar Protective Orders after HSBK used Pearson's Confidential Information in *Yamashita*. Both courts concluded HSBK violated the terms of the Protective Order when it listed Pearson's Confidential Information in Rule 26(a) disclosures and represented the documents were in HSBK's possession and may be used in support of HSBK's claims or defenses. The courts enforced the terms of the Protective Orders and imposed the sanctions requested by Pearson. (ECF Docket No. 120, Ex. A at 1-2) (ECF Docket No. 123).

In *Bean et al. v. Pearson Education, Inc.*, No. 3:11-cv-08030-GMS (D. Ariz.), the District of Arizona concluded plaintiffs' counsel violated its Protective Order "by using the confidential documents obtained in this action in the *Yamashita* action without independently obtaining those documents through discovery in that action." (ECF Docket No. 120, Ex. A at 1-2.) While the court did not order counsel to "forget the existence of the documents," it

concluded plaintiffs' counsel was not authorized to use the confidential documents absent explicit authorization from the court or absent obtaining the information through other legitimate means. In *Alaska Stock, LLC v. Pearson Education, Inc.*, No. 3:11-cv-00162-TMB (D. Alaska), the District of Alaska also concluded plaintiff's counsel violated its Protective Order by disclosing Pearson's Confidential Information in *Yamashita*. (ECF Docket No. 123, at 6.) The court concluded HSBK's disclosure of Pearson's Confidential Information violated the terms of the Protective Order.

Both courts imposed similar sanctions on HSBK, specifically: 1) barring counsel from making further use of Pearson's Confidential Information without explicit authorization of the court or through other legitimate means; 2) requiring plaintiff and counsel destroy Pearson's Confidential Information identified in the supplemental disclosures in *Yamashita*; 3) awarding Pearson reasonable attorney fees; and 4) requiring plaintiff's counsel to identify all uses of Pearson's Confidential Information since the termination of the action.

      3. <u>This Court will impose sanctions against HSBK for violating the Protective Order.</u>

HSBK was aware of the Protective Order, violated the Protective Order, and is therefore subject to sanctions by this Court. Similar to *Alaska Stock, LLC v. Pearson Education, Inc.*, because fact discovery in *Yamashita* has closed, this Court lacks a basis on which to modify the Protective Order to allow use of the documents in question. This Court agrees with Pearson and will impose the following sanctions against HSBK and GHP: 1) HSBK shall identify all uses of Pearson's Confidential Information since the termination of this action; 2) HSBK shall retrieve and destroy any copies of Pearson's Confidential Information it has disseminated in violation of the Protective Order; 3) HSBK may not make any further use of Confidential Information Pearson produced in this action; 4) HSBK and GHP must destroy all Confidential Information

Pearson produced in this action; and 5) Pearson is awarded reasonable attorney fees and costs in connection with this motion under Federal Rule of Civil Procedure 37(b)(2)(C). An accompanying order will follow.

## III.  CONCLUSION

In the accompanying order, this Court grants Defendant Pearson's Motion to Enforce Protective Order and Impose Sanctions for Violations of Protective Order. Given Plaintiff GHP's intentional disclosure of Pearson's Confidential Information in the *Yamashita* action, this Court finds HSBK and GHP in violation of this Court's July 20, 2012 Protective Order.